UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
(ST. PAUL)

| | |
|---|---|
| DANIEL HAMANN,<br><br>           Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br><br>           Defendant. | Case No.: 0:20-cv-724<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL**<br><br>1. FCRA, 15 USC §1681 *et seq.* |

Plaintiff Daniel Hamann ("Plaintiff"), through Plaintiff's attorneys, alleges the following against Defendant Equifax Information Services, LLC ("Equifax"):

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), which requires credit reporting agencies to assure maximum possible accuracy of the information they report.

## JURISDICTION AND VENUE

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district

3. Defendant transacts business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff Daniel Hamann is a natural person residing in the city of Lanesboro in Fillmore County, Minnesota.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Equifax is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.

7. On information and belief, Equifax disburses *consumer reports* to third parties under contract for monetary compensation.

8. At all relevant times, Defendant acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

1. On or about June 5, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11, the Bankruptcy Code, in the District of Minnesota (St. Paul), case number 19-31841.

2. Plaintiff fully complied with the Bankruptcy; Plaintiff was discharged on or about September 11, 2019.

3. Plaintiff was eager to begin working on improving Plaintiff's credit following Plaintiff's bankruptcy and obtaining Plaintiff's "fresh start".

4. On or about November 18, 2019, Plaintiff obtained Plaintiff's Equifax consumer credit report to make sure the bankruptcy reporting was accurate.

5. Plaintiff discovered that Equifax was reporting Plaintiff's Marine Credit Union account # 682236* (the "Account"), opened in March 2018, as having a balance of $5,819 as of September 2018. Further, the status was reported as "Pay As Agreed". Equifax reported the account as "No Data Available" from October 2018 to October 2019. Equifax also reported a scheduled payment amount of $286.00.

6. Equifax should have reported the account as discharged in bankruptcy or similar language with zero balance.

7. The Account was listed in the Schedule F of Plaintiff's bankruptcy petition as an unsecured nonpriority claim of $599.00.

8. Equifax was also reporting on the November 18, 2019 credit report that Plaintiff's Chapter 7 bankruptcy was discharged on September 11, 2019.

9. Equifax knew or had reason to know that their reporting of the accounts was inaccurate because they were all reporting Plaintiff's bankruptcy as discharged in September 2019 and all Plaintiff's other bankruptcy debts as discharged.

10. Non-party Trans Union reported the Account correctly on its November 18, 2019 credit report.

11. Non-party Experian reported the Account correctly on its February 4, 2020 credit report.

12. Defendant does not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy.

13. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

14. Defendant's reporting is particularly aggravating of Plaintiff's damages because Plaintiff diligently followed Plaintiff's bankruptcy requirements, looking forward to the day when all Plaintiff's debts would be paid and she could have a fresh start, only to discover that Defendant Equifax failed to perform their legal obligation to report the accounts accurately.

15. This caused Plaintiff stress and anxiety about Plaintiff's credit reputation and a belief that Plaintiff may still owe the debts.

16. The inaccurate reporting by Defendant has caused Plaintiff's credit file to be severely damaged by painting Plaintiff as an irresponsible individual, when in fact Plaintiff has been responsible for Plaintiff's debts.

17. Plaintiff lost opportunities to obtain credit at favorable rates due to the reporting by Defendant.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

1. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

2. The FCRA requires that "[w]henever a consumer reporting agency prepares a

consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

3. Defendant reported the accounts, that were included in Plaintiff's bankruptcy and in fact paid off, as though Plaintiff still owed the debts after the discharge.

4. Defendant violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

5. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities, denials, and favorable credit terms, emotional distress, humiliation, and mental anguish.

6. The violations by the credit reporting agencies were willful, rendering the Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the credit reporting agencies were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

7. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Daniel Hamann respectfully requests judgment be

entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 12th day of March 2020.

By: *s/Jeffrey Bursell*
Jeffrey Bursell
Bar Number: 0293362
Attorney for Plaintiff Daniel Hamann
**Hoglund, Chwialkowski & Mrozik, PLLC**
1781 Country Road B West
Roseville, Minnesota 55113
Telephone: (651) 628-9929
Fax: (651) 628.9377
Email: jeffb@hoglundlaw.com